IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| KEREEM RANDOLPH, | ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:20-00429 |
| JESSICA THORNHILL, | ) ) ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

**PROCEDURE AND FACTS**

On June 22, 2020, Plaintiff, acting *pro se*[1] and incarcerated at the South Central Regional Jail, filed what this Court construed as a letter-form Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) Following an initial screening of Plaintiff's case, the undersigned entered an Order on June 24, 2020, directing Plaintiff to amend his Complaint. (Document No. 3.) Specifically, the undersigned advised Plaintiff as follows:

> [I]f Plaintiff wishes to proceed with his Section 1983 claim, he should amend his Complaint to state specific facts as to how each defendant violated his constitutional rights. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 3.) The Court further notified Plaintiff that he must either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400, or file an Application to Proceed Without Prepayment of Fees. (Id.)

On July 24, 2020, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs (Document No. 4) and Amended Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983 (Document No. 5). By Order entered on July 27, 2020, the undersigned determined that Plaitniff's Application to Proceed Without Prepayment of Fees was deficient because the Certificate portion at the end of the Application was not completed by a prison official. (Document No. 6.) Accordingly, the undersigned ordered Plaintiff's Application to be returned to Plaintiff, that Plaintiff submit a completed Application including all information contained in the Certificate portion of the Application, and return such to the Court on or before August 24, 2020. (Id.) By Order also entered on July 27, 2020, the undersigned determined that Plaintiff's Amended Complaint was completely void of any allegations against the named defendant (Defendant Thornhill). (Document No. 7.) Specifically, the undersigned noted that Plaintiff left the "Statement of Claim" section of the form Complaint completely blank. (Id.) Accordingly, the Court entered its second Order directing Plaintiff to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how Defendant Thornhill violated his constitutional rights. (Id.)

On September 2, 2020, Plaintiff filed his second Application to Proceed Without Prepayment of Fees (Document No. 8) and second Amended Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983 (Document No. 9). By Order entered on September 3, 2020, the undersigned again determined that Plaitniff's Application to Proceed Without Prepayment of Fees was deficient because the Certificate portion at the end of the Application was not completed

by a prison official. (Document No. 10.) Accordingly, the undersigned ordered Plaintiff's Application to be returned to Plaintiff, that Plaintiff submit a completed Application including all information contained in the Certificate portion of the Application, and return such to the Court on or before October 5, 2020. (Id.) By Order also entered on September 3, 2020, the undersigned determined that Plaintiff's second Amended Complaint was again completely void of any allegations against the named defendant (Defendant Thornhill). (Document No. 11.) Plaintiff again left the "Statement of Claim" section of the form Complaint completely blank. (Id.) Accordingly, the Court entered its third Order directing as follows:

> [I]t is hereby **ORDERED** that the Clerk return Plaintiff's second Amended Complaint (Document No. 9) to Plaintiff and Plaintiff is **DIRECTED** to complete the "Statement of Claim" section (Section IV) of the form Complaint by specifically setting forth his constitutional claims and state specific facts as to how Defendant Thornhill violated his constitutional rights. Plaintiff is **ORDERED** to return his completed Amended Complaint to the Court no later than **October 5, 2020**. Failure of the Plaintiff to complete Amended Complaint by October 5, 2020, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Plaintiff, however, has not filed his completed Application to Proceed Without Prepayment of Fees and Amended Complaint responding to the Court's Order that was entered more than one year ago.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for

---

dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

his lack of participation. Since September 3, 2020, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect.[3] Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendant. No defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than one year. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of

---

[3] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaints (Document Nos. 1, 5, 9) without prejudice, **DENY as moot** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document Nos. 4 and 8), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: October 26, 2021.

Omar J. Aboulhosn
United States Magistrate Judge